## RECORD NOS. 14-4490(L), 14-4491

### In The
# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

# REGINALD ANTHONY HUNTER,

*Defendant - Appellant.*

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE

————————

### BRIEF OF APPELLANT
————————

**Ross Hall Richardson,**
**Executive Director**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
**Assistant Federal Defender**
**FEDERAL DEFENDERS OF**
 **WESTERN NORTH CAROLINA, INC.**
**129 West Trade Street**
**Suite 300**
**Charlotte, NC  28202**
**(704) 374-0720**

*Counsel for Appellant*

## <u>TABLE OF CONTENTS</u>

**PAGE:**

TABLE OF AUTHORITIES .................................................................................... iii

NATURE OF THE APPEAL ...................................................................................1

STATEMENT OF JURISDICTION.........................................................................1

STATEMENT OF THE ISSUES..............................................................................2

STATEMENT OF THE CASE..................................................................................2

    I.     The Offense Conduct .......................................................................2

    II.    The Criminal Charges and Conviction...............................................2

    III.   The Consolidated Supervised Release Revocation Action ...................3

    IV.   Sentencing Proceeding .......................................................................4

SUMMARY OF ARGUMENT ................................................................................6

ARGUMENT ...........................................................................................................7

    I.     The district court committed plain, procedural error in
          classifying Hunter as a career offender on both Count One and
          Count Two. ...........................................................................................7

         A.    Standard of Review .................................................................7

         B.    Discussion .................................................................................8

    II.    Hunter's 22-month sentence for violation of supervised release
         was plainly unreasonable. ..................................................................10

         A.    Standard of Review ...............................................................10

         B.    Discussion ..............................................................................11

CONCLUSION ................................................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S):**

## <u>CASES</u>:

*Anders v. California,*
        386 U.S. 738 (1967)........................................................................1

*Gall v. United States*,
        522 U.S. 38 (2007)...................................................................8, 10

*McCoy v. Wisconsin,*
        486 U.S. 429 (1988).......................................................................1

*Penson v. Ohio,*
        488 U.S. 75 (1988).........................................................................1

*United States v. Crudup,*
        461 F.3d 433 (4th Cir. 2006) ...................................................10, 11

*United States v. Curry,*
        523 F.3d 436 (4th Cir. 2008) .......................................................7, 8

*United States v. Davis,*
        915 F.2d 132 (4th Cir. 1990) ...........................................................9

*United States v. Farrior,*
        535 F.3d 210 (4th Cir.2008) .............................................................7

*United States v. Hamilton,*
        701 F.3d 404 (4th Cir. 2012),
        *cert. denied*, 133 S. Ct. 1838 (2013)................................................8

*United States v. Layton*,
        564 F.3d 330 (4th Cir. 2009) .......................................................7, 8

*United States v. Lynn,*
        592 F.3d 572 (4th Cir. 2010) .........................................................8

**STATUTES:**

18 U.S.C. § 924(c) ................................................................................9

18 U.S.C. § 924(c)(1)(A) ....................................................................3, 5

18 U.S.C. § 2113(a) .........................................................................2-3, 5

18 U.S.C. § 2113(d) ........................................................................2-3, 5

18 U.S.C. § 3231 ..................................................................................2

18 U.S.C. § 3583(e)(3) ..........................................................................12

18 U.S.C. § 3742 ..................................................................................2

28 U.S.C. § 1291 ..................................................................................2

**SENTENCING GUIDELINES:**

USSG § 2K2.4 .......................................................................................4

USSG § 4B1.1 .................................................................................... 6+

USSG § 4B1.1(a) .................................................................................8

USSG § 4B1.1(b)(2) ............................................................................10

USSG § 4B1.1(c)(2) ..........................................................................9, 10

USSG § 4B1.1(c)(2)(A) .......................................................................10

USSG § 4B1.1(c)(3) .......................................................................5, 9, 10

USSG § 4B1.2 ......................................................................................9

USSG § 7B1.1(a)(1) ............................................................................11

USSG § 7B1.3(a)(1) ............................................................................11

USSG § 7B1.3(f) ................................................................................12

USSG § 7B1.4 ...................................................................................12

## NATURE OF THE APPEAL

After carefully examining the record in light of applicable law, undersigned counsel has determined that there are no non-frivolous grounds for appeal. For that reason, counsel for appellant Reginald Anthony Hunter submits this Brief to the Court under *Anders v. California,* 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin,* 486 U.S. 429 (1988), and *Penson v. Ohio,* 488 U.S. 75 (1988).

As required by *Anders*, this brief identifies the issues in the record that might arguably support an appeal. In addition, counsel has provided Appellant with a copy of this Brief and has informed him of his right to raise any additional issues.

## STATEMENT OF JURISDICTION

Hunter appeals the judgment upon sentencing and revocation of his supervised release, both entered on June 10, 2014, in the United States District Court for the Western District of North Carolina. Judgment, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Jun. 10, 2014); Judgment, *United States v. Hunter,* No. 3:00-cr-111 (W.D.N.C. Jun. 10, 2014).

Hunter filed timely Notices of Appeal. Notice of Appeal, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. June 18, 2014); Notice of Appeal, *United States v. Hunter,* No. 3:00-cr-111 (W.D.N.C. June 18, 2014). The district court had

1

jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.     Whether the district court committed plain, procedural error in classifying Hunter as a career offender on both Count One and Count Two.

II.    Whether Hunter's 22-month sentence for violation of supervised release was plainly unreasonable.

## STATEMENT OF THE CASE

### I.     The Offense Conduct

On April 26, 2012, Hunter entered the State Employees Credit Union (SECU) in Charlotte, North Carolina, walked up to a teller, announced that that he was robbing the credit union, and handed the teller a plastic bag. Final Presentence Investigation Report at 3, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Feb. 27, 2014) ("PSR"). Hunter held a revolver in his hand and pointed it at two tellers as well as a customer. *Id*. The two tellers provided Hunter with money totaling $4,405. *Id*. at 4. However, $1,815 was recovered in the SECU parking lot. *Id*. Hunter drove away in a gold Ford Taurus registered to him. *Id*.

### II.    The Criminal Charges and Conviction

On September 18, 2012, the grand jury returned an indictment charging Hunter with armed robbery of a financial institution in violation of 18 U.S.C. §§

2113(a) and 2113(d) (Count One); and with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). Indictment, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Sept. 18, 2012).

On December 19, 2012, Hunter signed a written plea agreement and pleaded guilty to both Counts against him. Plea Agreement, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Dec. 19, 2012). The plea agreement included a waiver of Hunter's right to appeal. *Id*. The accepted Hunter's guilty plea on December 20, 2012. Entry and Acceptance of Guilty Plea, *United States v. Hunter*, No. 3:12-cr-289 (W.D.N.C. Dec. 20, 2012).

III.    **The Consolidated Supervised Release Revocation Action**

When Hunter pleaded guilty to the current charges, he was on supervised release for a 2001 conviction of two counts of armed bank robbery. Judgment, *United States v. Hunter*, No. 3:00-cr-111 (W.D.N.C. Mar. 2, 2001).

On March 2, 2012, after serving a first revocation sentence, Hunter was released to a second term of supervised release, following various violations. Petition for Warrant at 2, *United States v. Hunter*, No. 3:00-cr-111 (W.D.N.C. Apr. 27, 2012). In April 2012, he allegedly violated the terms of his supervised release by (1) testing positive for cocaine use; (2) failing to return to the residential re-entry center; and (3) failing to report for drug testing, which resulted in a Petition

3

for Warrant. *Id.* at 1. These were Grade C violations. *Id.* Three days later, the

probation officer filed an Addendum to the Petition for Warrant, adding two new

law violations based on the April 26, 2012, bank robbery and using a firearm in

relation to a crime of violence. Addendum at 1, *United States v. Hunter*, No. 3:00-

cr-111 (W.D.N.C. Apr. 30, 2012). These were Grade A violations.

The district court consolidated the supervised release revocation action with

the current case for sentencing on January 10, 2013. Order, *United States v.*

*Hunter,* No. 3:12-cr-289 (W.D.N.C. Jan. 10, 2013).

## IV.    Sentencing Proceeding

The U.S. Probation Office prepared a PSR and concluded that with regard to

Count One, Armed Robbery of a Financial Institution, Hunter qualified for a total

offense level of 31. PSR at 5. This offense level resulted from the PSR's

conclusion that Hunter qualified as a career offender based on two prior federal

bank robbery convictions. *Id.* The PSR also found that for Count Two, Using and

Carrying a Firearm in Relation to a Crime of Violence, Hunter was subject to a

term of imprisonment established by statute, pursuant to USSG § 2K2.4, and that

he again qualified as a career offender. *Id.* at 6.

In addition, it concluded that based on Hunter's prior convictions, he had 9

criminal history points, which corresponded to a criminal history category of IV.

4

*Id*. at 10. However, because Hunter qualified as a career offender, his criminal history category was automatically set at VI. *Id.*

The PSR concluded that for Count One, the statutory term of imprisonment was not more than 25 years pursuant to 18 U.S.C. §§ 2113(a) & (d); and that for Count Two, the statutory minimum term of imprisonment was five years and the maximum term was life, pursuant to 18 U.S.C. § 924(c)(1)(A), to be served consecutively to Count One. *Id*. at 15. The PSR calculated a career-offender guidelines range of 262 to 327 months' imprisonment under USSG § 4B1.1(c)(3). *Id*.

On April 9, 2014, the district court held a combined final supervised release revocation hearing and sentencing hearing. Sentencing transcript, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. May 28, 2014) ("Sent. tpt."). The court found that Hunter's Guidelines range was 262 to 327 months. *Id.* at 19. Defense counsel requested a two-level variance, to 210 months, due to the community support that Hunter has and the fact that he began abusing drugs after close family members died, resulting in severe financial hardship that motivated the bank robbery. *Id*. at 23-24.

The court did not adopt a variance, but at the government's request, it sentenced Hunter to the low end of the range, a term of 202 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two,

for a total of 262 months. Judgment at 2, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Jun. 10, 2014). It also sentenced Hunter, with the government's consent, to a term of 22 months' imprisonment on the supervised release violation, to run concurrently to the 262 month sentence. *Id*. Finally, the court sentenced Hunter to three years of supervised release on Count One and five years of supervised release on Count Two to run concurrently, as well as $4,405 in restitution, less any money recovered. *Id.* at 3-4.

Hunter timely appealed his sentence and his revocation sentence. Notice of Appeal, *United States v. Hunter,* No. 3:12-cr-289 (W.D.N.C. Jun. 18, 2014); Notice of Appeal, *United States v. Hunter,* No. 3:00-cr-111 (W.D.N.C. June 18, 2014). This Court consolidated Hunter's appeals.

## SUMMARY OF ARGUMENT

Hunter argues that the district court committed plain error in applying the USSG § 4B1.1 career offender designation to both Counts in the Indictment. But the Guidelines required the sentencing court to take into account Hunter's career offender status for both counts of conviction. Thus, the court correctly followed the Guidelines in determining Hunter's advisory Guidelines range, and it imposed a 262-month sentence, the low end of that range.

Hunter also contends that his 22-month revocation sentence was plainly unreasonable. But the court correctly calculated the maximum statutory sentence

6

Hunter could face following the revocation of his supervised release. This statutory maximum was less than the advisory Guideline sentence applicable to Hunter's violation. Additionally, the court ordered Hunter's sentence to run concurrent, rather than consecutive, to his 262-month sentence for the firearm charge, which it was permitted—but not required—to do. Hunter cannot establish that his revocation sentence was erroneous.

## **ARGUMENT**

I.    **The district court committed plain, procedural error in classifying Hunter as a career offender on both Count One and Count Two.**

A.    **Standard of Review**

Hunter contends that he should not have been sentenced as a career offender for both Counts One and Two and that he should have been classified as a career offender only on Count One. This Court reviews the district court's "classification of [Hunter] as a career offender *de novo*" and reviews for clear error the court's factual findings. *United States v. Farrior,* 535 F.3d 210, 223 (4th Cir.2008).

Usually, this Court reviews "the district court's sentence under an abuse of discretion standard." *United States v. Layton*, 564 F.3d 330, 335 (4th Cir. 2009) (citing *United States v. Curry*, 523 F.3d 436, 439 (4th Cir. 2008)). Review for abuse of discretion consists of two inquiries: first, whether the district court committed any significant procedural error and, second, whether the sentence

imposed is substantively unreasonable. *Id.* Procedural error includes improperly calculating the Guidelines range. *Gall v. United States*, 522 U.S. 38, 51 (2007).

However, because Hunter did not object to his designation as a career offender on both counts of conviction below, this Court reviews for plain error. *See United States v. Hamilton,* 701 F.3d 404, 410 (4th Cir. 2012) ("when a defendant does not raise an argument in the district court, we review only for plain error"), *cert. denied*, 133 S. Ct. 1838 (2013). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *United States v. Lynn,* 592 F.3d 572, 577 (4th Cir. 2010).

### B.    Discussion

The district court determined that Hunter qualified as a career offender. Under the U.S. Sentencing Guidelines, Hunter is a career offender if:

> (1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (2013). The court relied on Hunter's two prior federal bank robbery convictions—one committed in 1993 and one committed in 2000—as the predicate offenses. PSR at 5, 8-9.

Bank robbery qualifies as a crime of violence for career offender purposes. *See* USSG § 4B1.2 cmt. n. 1 (specifying that robbery qualifies as a crime of violence); *United States v. Davis*, 915 F.2d 132 (4th Cir. 1990) (same). Because Hunter was 49 years old at the time that he committed the instant bank robbery offense, and he has two prior convictions for bank robbery, the court correctly designated him as a career offender.

Hunter argues, however, that the court should not have applied the career offender enhancement to both Counts—the armed bank robbery conviction and the use of a firearm during and in relation to a crime of violence conviction—to which he pleaded guilty.

When a defendant is convicted of multiple counts, and one of them is a violation of 18 U.S.C. § 924(c), as in Hunter's case, the Guidelines direct the sentencing court to apply

> the greater of:
>
> > **(A)** the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s); and
> >
> > **(B)** the guideline range determined using the table in subsection (c)(3).

USSG § 4B1.1(c)(2).

Here, the district court correctly applied § 4B1.1(c)(2) in determining

Hunter's Guidelines range. Under USSG § 4B1.1(b)(2), the PSR concluded that for

Count One, Hunter had a total career-offender offense level of 31 (based on an

offense level of 34 resulting from the 25-year maximum sentence, less three points

for acceptance of responsibility) and criminal history category of VI, as required

for all career offenders. PSR at 5, 10. This results in a range of 188-235 months for

Count One. Adding 60 months to the top and bottom of this range under USSG §

4B1.1(c)(2)(A) results in a range of 248-295 months. Sent. tpt. at 13. That range is

less, however, than the 262-327-month range provided under the table in

subsection USSG § 4B1.1(c)(3). Therefore, under USSG § 4B1.1(c)(2), the court

correctly adopted the 262-327-month Guidelines range for the two convictions.

Sent. tpt. at 19. Accordingly, Hunter cannot show that the court committed

procedural sentencing under *Gall* by failing to properly calculate the Guidelines

sentencing range. Hunter, therefore, cannot demonstrate plain error in his

sentencing.

## II.     Hunter's 22-month sentence for violation of supervised release was plainly unreasonable.

### A.     Standard of Review

This Court generally reviews sentences imposed upon revocation of supervised

release to determine whether: (1) they are within the prescribed statutory range;

and (2) they are "plainly unreasonable." *United States v. Crudup,* 461 F.3d 433,

439-40 (4th Cir. 2006). In determining whether a revocation sentence is unreasonable, the Court "follow[s] generally the procedural and substantive considerations" used in evaluating original sentences. *Id.* at 438. If this review fails to result in a determination that a revocation sentence is unreasonable, then the Court affirms the sentence. *Id.* at 439. If unreasonableness is shown, the Court then applies plain error analysis. *Id.*

**B.    Discussion**

When Hunter committed the April 26, 2012, bank robbery giving rise to his new conviction, he was on supervised release following the completion of his prison term for his 2001 bank robbery conviction. Petition for Warrant at 1, *United States v. Hunter*, No. 3:00-cr-111 (W.D.N.C. Apr. 27, 2012). A supervised release petition already was pending at that time, and the probation officer filed an addendum alleging the new bank robbery and gun offense as additional violations. Addendum at 1, *United States v. Hunter*, No. 3:00-cr-111 (W.D.N.C. Apr. 30, 2012). The violations resulting from the new bank robbery were Grade A violations under USSG § 7B1.1(a)(1) p.s., because they alleged conduct constituting a federal offense punishable by a term of imprisonment exceeding one year that is a crime of violence.

Under USSG § 7B1.3(a)(1) p.s., the district court was advised to revoke Hunter's supervised release status following a Grade A violation, and it did so.

11

Sent. tpt. at 3-4. Because Hunter's original conviction, bank robbery, was a Class C felony, the statutory maximum revocation sentence was two years. Addendum at 1, *United States v. Hunter*, No. 3:00-cr-111 (W.D.N.C. Apr. 30, 2012); 18 U.S.C. § 3583(e)(3). The court properly applied the statutory maximum of 24 months, minus two months already served under a previous revocation sentence, and sentenced Hunter to 22 months' imprisonment to be served concurrently with his 262 month sentence.[1] Sent. tpt. at 4. The court could have required that the 22-month sentence be served consecutive to Hunter's 262 month sentence, but it instead imposed the revocation sentence concurrently. USSG § 7B1.3(f) p.s. (noting that "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving").

Because the court correctly revoked Hunter's supervised release and correctly calculated his revocation sentence, the revocation sentence is not unreasonable, nor is it plainly unreasonable.

---

[1] The statutory maximum is less than the term provided for under the Guidelines policy statement. The Guidelines provide that a defendant with a criminal history category of VI, who commits a Grade A violation, should be sentenced to 33-41 months' imprisonment. USSG § 7B1.4 p.s.

## <u>CONCLUSION</u>

Hunter respectfully asks the Court of Appeals for the Fourth Circuit to review the record carefully to determine if there are issues of merit which may be raised and which would warrant the Court's vacating the judgment entered in this matter and remanding the case to the district court for future disposition.

This, the 15th day of October, 2014.

Ross Hall Richardson,
Executive Director,
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
Ann L. Hester
Assistant Federal Defender
129 W. Trade St. Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant

**<u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>**
**Certificate of Compliance with Type-Volume Limitation,**
**Typeface Requirements, and Type Style Requirements**

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,707</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.

/s/ Ann L. Hester
Ann L. Hester

Dated: October 15, 2014

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 15, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE
  UNITED STATES ATTORNEY
United States Courthouse
100 Otis Street, Room 233
Asheville, NC  28801
(828) 271-4661

*Counsel for Appellee*

I further certify that one copy of the brief was mailed to the Defendant at his last known address of:

Reginald Anthony Hunter, #10299-058
BENNETTSVILLE FCI
Federal Correctional Institution
P.O. Box 52020
Bennettsville, SC 29512

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA  23219